IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVON MICHAEL SAPPLETON, Petitioner | * | |
| | * | |
| v. | | Civil Action No. PJM-11-491 |
| | * | Criminal Action No. PJM-01-284 |
| UNITED STATES OF AMERICA Respondent | * | |

********

## MEMORANDUM OPINION

Pending is a motion filed under Rule 60(b)(3) of the Federal Rules of Civil Procedure by Devon Michael Sappleton, a self-represented federal inmate. The Court finds the pleading is properly construed under 28 U.S.C. § 2255, and will DISMISS it without prejudice for lack of subject matter jurisdiction.

## I. Background

Devon Sappleton was convicted by a jury of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 kilograms or more of marijuana, and possession of ammunition by a convicted felon. On July 29, 2002, he was sentenced to life imprisonment. His conviction was affirmed on appeal. *See United States v. Sappleton*, 68 Fed. Appx. 438 (4th Cir. 2003). Sappleton filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 which was denied on June 17, 2005. *See Sappleton v. United States*; Civil Action No. PJM-04-3668 (D. Md). The Fourth Circuit subsequently denied a Certificate of Appealability. ECF No. 207.

## II. Discussion

Sappleton avers that fraud was committed upon the court at trial because there is no record that the prosecuting Assistant United States Attorney had taken her oath of office. The allegation is patently frivolous. Further, the Motion clearly attempts to challenge Sappleton's conviction. As such, the pleading, is properly construed under 28 U.S.C. § 2255. *Calderon v. Thompson*, 523 U.S.

538, 554 (1998) (noting the subject matter of a motion, not the caption assigned to it by a petitioner, determines its status). As the Supreme Court has explained, a Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003).

Before filing a second or successive motion in federal district court, a petitioner must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Absent evidence that Sappleton has obtained necessary pre-filing certification, the Motion will be dismissed for lack of jurisdiction.

In addition, even if the pleading were construed under Rule 60(b)(3), Sappleton would not be entitled to relief. In order to prevail on any motion under Rule 60(b), a movant is required to meet certain "threshold conditions." *National Credit Union Administration Board. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993). Specifically, it must be shown that (1) the motion is timely, (2) there is a meritorious defense, and (3) the opposing party would not suffer unfair prejudice by having the judgment set aside. Id. (citing *Park Corp. v. Lexington Insurance Co*mpany, 812 F.2d 894, 896 (4th Cir.1987)). Rule 60(b)(3) motions must be made within one year after entry of judgment. *See* Fed.R.Civ.P. 60(c)(1). In this case, judgment was entered on July 29, 2002, and the instant Rule 60(b)(3) motion, filed more than eight years later, is untimely.

### III. Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c) (2). To make such a showing, the applicant "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4(1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing, and a certificate of appealability shall be denied.

## IV. Conclusion

The Motion shall be dismissed without prejudice. A separate Order follows.

March 1, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE